United States Court of Appeals,

Fifth Circuit.

No. 93-3182.

Roosevelt E. COAR, Sr., Administrator of the Estate of the minor child, Brian C. Coar, Plaintiff-Appellant,

v.

NATIONAL UNION FIRE INSURANCE CO., Defendant-Appellee.

April 26, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JONES and DeMOSS, Circuit Judges, and SCHWARTZ,[*] District Judge.

EDITH H. JONES, Circuit Judge:

The father of a boy who witnessed an airplane crash sued the airline's liability insurer under Louisiana's direct action statute. The district court ruled that it had jurisdiction over the case under 28 U.S.C. § 1334 because it related to the tortfeasor's pending bankruptcy case. The father appeals the jurisdictional ruling and the amount of damages awarded. We affirm.

BACKGROUND

Roosevelt Coar, Sr., acting on behalf of his son, Brian C. Coar, brought suit against National Union Fire Insurance Company under Louisiana's direct action statute, La.Rev.Stat. § 22:655, in Louisiana state court. National Union insured L'Express, a small Louisiana-based commercial airline operating in a Chapter 11

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

1

reorganization.[1]  In July, 1991, its pilot attempted to land an airplane in the midst of a thunderstorm and crashed into a residential neighborhood in Birmingham, Alabama.  Brian Coar, then 11 years old, witnessed the crash at close range and went near the wrecked airplane to offer aid.  He observed the grim results of the crash, including the victims and a surviving passenger.  He was also exposed to flames and smoke when the airplane caught fire.  Roosevelt Coar, Sr. claims that his son suffers post-traumatic stress disorder as a result of witnessing the crash, and he sought damages for intentional and negligent infliction of mental distress.

National Union removed the case to federal court in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1452, asserting that the case related to the pending bankruptcy case of L'Express under 28 U.S.C. § 1334(b).  The district court denied Coar's motion to remand, reasoning that the bankruptcy estate might be affected by the outcome of the case against National Union.  The district judge later referred the case to a magistrate judge with both parties' consent under 28 U.S.C. § 636(c).  Such referral of a non-core personal injury case was permissible under 28 U.S.C. § 636(c).  *Matter of Nix,* 864 F.2d 1209, 1210-11 (5th Cir.1989).  National Union effectively stipulated that L'Express was negligent at the pretrial conference.  The magistrate judge held a hearing, found for the plaintiff, and awarded $11,835 in damages.  Coar appeals the jurisdictional ruling and the amount of damages and

---

[1]The bankruptcy was later converted to a Chapter 7 case.

2

attorney fees awarded.

## DISCUSSION

28 U.S.C. § 1334 grants to the district courts "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." The main question in this case is whether the appellant's direct action against the debtor's insurer vested jurisdiction in the district court as an action related to the bankruptcy of L'Express.[2]

In finding jurisdiction, the district judge discussed the possibility that issues such as the extent of insurance coverage, the insured's negligence, and the plaintiff's damages might all be decided in such a way as to affect the bankruptcy estate. She did not explicitly rule that the insurance policy or its proceeds were the property of the debtor's estate. The district judge knew, however, that other suits arising out of the airplane crash were pending against L'Express or National Union.[3] At the time of removal the choice-of-law issue was in dispute. If Alabama's wrongful death statute applied in these cases, punitive damages of $5 million to $15 million per death were possible. National Union's policy limits are $50 million.

The district judge was also aware of contemporaneous

---

[2]The case was briefed and decided in the district court on the question of § 1334 jurisdiction, and that is the issue we decide. In oral argument, however, it was conceded by appellant that diversity jurisdiction probably also exists. 28 U.S.C. § 1332(c)(1).

[3]It is unclear whether the district judge knew the exact number of pending claims. At oral argument counsel informed this court that three suits are currently in litigation.

proceedings occurring in the bankruptcy case (also filed in the Eastern District of Louisiana). Coar's attorney had appeared at a creditors' committee meeting for L'Express, had represented Roosevelt Coar to be a creditor in papers filed with the bankruptcy court, and had filed a motion with that court to dismiss the bankruptcy proceedings. Finally, during the removal dispute the bankruptcy judge issued an order requiring his approval for all proposed settlements arising from the July 1991 crash.

Given the facts before us and before the district court, we agree that Coar's lawsuit against the debtor's insurer "related to" the pending bankruptcy case. As has been noted, there were multiple claims on the liability policy, the possibility of very high punitive damages awards to crash claimants, one or more crash-related claims in the bankruptcy proceedings, and an order by the bankruptcy judge compelling his approval of all proposed settlements arising out of the crash. These circumstances constituted a cognizable threat that unless the claims against the policy were marshalled in accord with the bankruptcy proceeding, the policy proceeds would not cover plaintiffs' claims and could expose the debtor's estate. *Houston v. Edgeworth,* 993 F.2d 51, at 56 n. 21 (5th Cir.1993). As the district court put it, the question here was not whether the bankruptcy affects the tort action, but whether the tort action affects the bankruptcy.[4] This

---

[4]*Compare* two cases focusing on how the tort action affected the bankruptcy estate; *Wedgeworth v. Fibreboard,* 706 F.2d 541, 546-48 (5th Cir.1983) (approves denying joinder of bankrupt asbestos manufacturers' insurance companies under Louisiana direct action statute in ongoing tort suit against other asbestos

court need not go so far as to apply the broad definition of § 1334 "related to" jurisdiction alluded to by this court in *Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987), in holding that under the circumstances, the tort suit under Louisiana's direct action statute "related to" the debtor's estate and therefore to its pending bankruptcy proceeding so closely as to establish federal court jurisdiction.

Appellant made no effort to support his conclusional argument that the federal court should have abstained from hearing this case under 28 U.S.C. § 1334(c)(1). We reject it.

Further, we have reviewed Coar's arguments concerning the amount of damages and attorneys fees awarded but do not find any abuse of discretion.

The judgment of the district court is therefore AFFIRMED.

---

manufacturers); *In re Davis,* 730 F.2d 176, 184 (5th Cir.1984) (bankruptcy court has power to stay actions against debtor's insurers, officers and directors under certain circumstances).